UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| DrayQuan Shaw, #149827, | ) | C/A No.  4:25-8303-RMG-TER |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Report and Recommendation |
| Director Ray, Officer Griffin, | ) | |
| Captain Sweat, Officer Moore, Anthony Dennis, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This is a civil action filed by a pretrial detainee, proceeding *pro se* and *in forma pauperis*. Pursuant to 28 U.S.C. 636(b)(1) and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § 1915 and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

Plaintiff's Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows

a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint may be subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

## DISCUSSION

Plaintiff's action is subject to dismissal for failure to state a claim upon which relief can be

2

granted in part as to some of the Defendants. Plaintiff brings this action pursuant to 42 U.S.C. §

1983. Section 1983 "is not itself a source of substantive rights, but merely provides a method for

vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994)

(internal quotation and citation omitted). A legal action under § 1983 allows "a party who has been

deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte

Dunes at Monterey*, Ltd., 526 U.S. 687, 707 (1999). Under § 1983, a plaintiff must establish two

essential elements: (1) that a right secured by the Constitution or laws of the United States was

violated, and (2) that the alleged violation "was committed by a person acting under color of state

law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff asserts the right violated is the Eighth Amendment, failure to protect from another

prisoner. (ECF No. 15 at 4).    Plaintiff's alleged "Eighth Amendment" rights type of claim is under

the Fourteenth Amendment as Plaintiff is a pretrial detainee. *Short v. Hartman*, 87 F.4th 593, 609

(4th Cir. 2023). Plaintiff sues the Director, Sheriff, a captain, and an officer. (ECF No. 15 at 2-3).

Plaintiff alleges the event occurred on May 27, 2025. The extent of Plaintiff's allegations is: "I was

attacked by my keep separate where later I received back injuries and slight concussions, whose

name was Rashad Wilson. Officer Griffin, including the entire better pod units saw what occurred,

where now I suffer from PTSD." (ECF No. 15 at 6). Plaintiff alleges injuries to his back and head.

(ECF No. 15 at 6). Plaintiff requests monetary relief. Plaintiff alleges he did not file a grievance

because "they wouldn't have done anything and if I did they would have also been put in solitary

confinement." (ECF No. 15 at 9)(any errors in original).

Plaintiff filed an Amended Complaint(ECF No. 15) after being given an opportunity and put

on notice of deficiencies, including the following:

3

Further, Plaintiff's allegations do not state what any of the Defendants did or did not do. In order to assert a plausible § 1983 claim against any particular state actor, **a "causal connection" must exist between the conduct alleged by the plaintiff and the particular defendant named in the suit**. *See Kentucky v. Graham*, 473 U.S.159, 166 (1985); *Rizzo v. Good*, 423 U.S. 362, 371-72 (1976) (a § 1983 plaintiff must show that he suffered a **specific injury resulting from a specific defendant's specific conduct and must show an affirmative link between the injury and that conduct**); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir.1977) (for an individual to be liable under § 1983, the Plaintiff must show that the defendant named acted personally in the deprivation of the plaintiff's rights). Plaintiff here must demonstrate that the official personally caused or played a role in causing the deprivation of a federal right. *See Graham*, 473 U.S. at 166 and *Harris v. City of Va. Beach*, 11 Fed. App'x 212, 215 (4th Cir.2001) (affirming dismissal of the plaintiff's claim against five defendants when the plaintiff did not allege any of the defendants were personally involved in the alleged deprivation of his civil rights). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* Defendants will not know how to respond to conclusory allegations, especially when "the pleadings mentioned no specific time, place, or person involved." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 565 n. 10. (2007). **Complaints should contain facts in regard to who did what to whom and when.** *Id.* **You are being given an opportunity to amend your complaint to allege facts to state an actionable claim as to defendants named.**

(ECF No. 11)(emphasis in original).

As to Officer Griffin, out of an abundance of caution, at this procedural stage, Plaintiff's allegations liberally construed are sufficient to withstand summary dismissal and this same day service and issuance of summons as to Defendant Griffin has been authorized by separate order. Plaintiff does not make sufficient allegations as to the other Defendants. Plaintiff's lack of allegations as to Defendants Ray[1], Sweat, Moore, and Dennis are not consistent with *Twombly*, *Iqbal*,

---

[1] Plaintiff alleges he told Defendant Ray after it happened; Plaintiff has not raised a claim of constitutional magnitude as to Defendant Ray. *See Green v. Beck*, 529 Fed. Appx. 78, 80 (4th Cir. 2013).

and their progeny. Plaintiff was already put on notice of the deficiency and failed to remedy it.

To the extent Plaintiff is attempting to allege supervisory liability of Director Ray, the sheriff, and a captain, such defendants are subject to summary dismissal because no facts are alleged as to personal involvement and supervisory liability. In a § 1983 action, Plaintiff must allege that an individually personally acted in alleged violations. Generally, vicarious liability or respondeat superior is not available to a § 1983 plaintiff as a method to create liability of a state-actor supervisor for the acts of his subordinate. *See Monell v. Dep't Soc. Servs.*, 436 U.S. 658, 694 (1978). There is a limited exception to the prohibition as long as the facts alleged meet the Fourth Circuit Court of Appeal's three-part test for supervisor liability under § 1983:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff;
> (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and
> (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud,* 13 F.3d 791, 799 (4th Cir. 1994)(citations omitted); *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir.1984).

Defendants Ray, Sweat, Moore, and Dennis are subject to summary dismissal for failure to state a claim upon which relief can be granted.

## <u>RECOMMENDATION</u>

Accordingly, it is recommended that the district court partially dismiss the Amended Complaint in this case. Specifically, it is recommended that Defendants Ray, Sweat, Moore, and Dennis be summarily dismissed without prejudice and without issuance and service of process. In

5

a separately docketed order, the court has authorized the issuance and service of process on the

remaining Defendant Griffin.

|                          | s/Thomas E. Rogers, III         |
|--------------------------|----------------------------------|
| September 30,  2025      | Thomas E. Rogers, III            |
| Florence, South Carolina | United States Magistrate Judge   |

**Plaintiff's attention is directed to the important notice on the next page.**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).