# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | |
|---|---|
| DrayQuan Shaw, #149827,<br><br>        Plaintiff,<br>   v.<br><br>Director Ray, Officer Griffin,<br>Captain Sweat, Officer Moore, Anthony<br>Dennis,<br><br>        Defendants. | Case No. 4:25-8303-RMG<br><br>**ORDER** |

      This matter is before the Court on the Report and Recommendation (R & R) of the Magistrate Judge recommending summary dismissal of Defendants Ray, Sweat, Moore, and Dennis from this action. (Dkt. No. 19). Plaintiff, a pretrial detainee proceeding *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983 for claims arising from alleged injuries during his detention. (Dkt. No. 15 at 6). No objections were filed. For the reasons set forth below, the Court adopts the R & R as the Order of the Court and dismisses Plaintiff's claims against Defendants Ray, Sweat, Moore, and Dennis without prejudice, without issuance and service of process, and without leave to amend.

**I.   Legal Standard**

      The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the

1

Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II.    Discussion

Plaintiff, a pretrial detainee, filed this action seeking relief for alleged injuries he received while detained. The Magistrate Judge recommended the summary dismissal of Defendants Ray, Sweat, Moore, and Dennis for failure to state a claim upon which relief could be granted. Upon issuing the R & R recommending the summary dismissal of the complaint, the Magistrate Judge gave Plaintiff notice that he had fourteen days to file any written objections to the R & R and the failure to file written objections would result in only clear error review and a waiver of the right to appeal the District Court's order. (Dkt. No. 19 at 7). Plaintiff filed no objections to the R & R.

Upon a review of the Magistrate Judge's recommendations, the Court finds the Magistrate Judge comprehensively analyzed Plaintiff's claims to correctly determine dismissal is warranted because Plaintiffs' complaint fails to state a claim under § 1983. A person acting under the color of state law can be held liable under § 1983 only if he or she was personally involved in the privation of the plaintiff's constitutional rights. *Wilcox v. Brown*, 877 F. 3d 161, 170 (4th Cir. 2017). The Magistrate Judge correctly noted that the Complaint is unclear as to the personal involvement of Defendants Ray, Sweat, Moore, and Dennis in the purported deprivation of Plaintiff's constitutional rights.

Because Plaintiff did not sufficiently allege personal involvement, the Magistrate judge correctly concluded that Plaintiff's claims against Defendants Ray, Sweat, Moore, and Dennis are subject to summary dismissal.

### III.     Conclusion

In light of the foregoing, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 19) as the Order of the Court and **SUMMARILY DISMISSES** Defendants Ray, Sweat, Moore, and Dennis from this action without prejudice, without the issuance and service of process, and without leave to amend.

        s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

October 17, 2025
Charleston, South Carolina