**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| DrayQuan Shaw, | Case No. 4:25-cv-8303-RMG |
| Plaintiff, | |
| v. | **ORDER** |
| Officer Griffin, | |
| Defendant. | |

This matter is before the Court upon the Report and Recommendation ("R & R") of the Magistrate Judge, recommending that this action be dismissed for failure to prosecute. (Dkt. No. 42).  Defendant was advised he had 14 days to file written objections to the R & R and a failure to file timely objections would result in clear error review and a waiver of the right to appeal the district court's order. (*Id*. at 3).  No timely objection was filed.

I.    **Background**

Plaintiff, a pretrial detainee at the Sumter County Detention Center, brought this action against Defendant alleging a failure to protect and physical abuse in violation of the Eighth Amendment of the United States Constitution. (Dkt. No. 1).  Defendant moved for summary judgment on March 19, 2026, and the Magistrate Judge issued a Roseboro Order advising Plaintiff that he had 31 days to respond to the motion and an additional three days for mailing.  Plaintiff was further advised that a failure to respond to the motion for summary judgment could result in the Court granting the motion and ending the case. (Dkt. No. 26).  Plaintiff failed to file a response to Defendant's motion for summary judgment, and the Magistrate Judge issued a second order on June 9, 2026 advising Plaintiff that if he failed to file a response by June 23, 2026 the Magistrate Judge would recommend dismissing the case for failure to prosecute. (Dkt. No. 38).  When no

1

response was received, the Magistrate Judge issued the R & R recommending the dismissal of this action for failure to prosecute. As mentioned above, Plaintiff filed no objections to the R & R recommending the dismissal of his action for failure to prosecute.

## II.  Legal Standard

### A.  Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R & R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where a party fails to timely file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

### B.  Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted).

**III.     Discussion**

The Magistrate Judge ably summarized the factual and legal issues in the R & R and correctly concluded that this action should be dismissed for failure to prosecute.

**IV.     Conclusion**

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 42) as the Order of the Court.  This action is **DISMISSED** for failure to prosecute.

**AND IT IS SO ORDERED.**

s/ Richard MarkGergel
Richard Mark Gergel
United States District Judge

August 6, 2026
Charleston, South Carolina

3